## Case No. 4,798.

FIRST NAT. BANK v. CALDWELL et al.

[4 Dill. 314.][1]

Circuit Court, D. Nebraska. 1876.

J. M. Woolworth, for plaintiff.

G. W. Ambrose and Clinton Briggs, for Caldwell, Hamilton & Co.

DILLON, Circuit Judge. Counsel have largely argued this cause as if it involved the question whether the English doctrine of equitable mortgages, arising from the mere deposit of title deeds, prevails in the state of Nebraska. It may be admitted, for the purposes of this case, that the deposit of recorded title deeds, without more, will not create an equitable lien against the debtor, or a general judgment creditor of his, and yet the equity of the present cause is with the plaintiff.

The plaintiff corporation held coupons, convertible into lands, as a specific security for its debt. Without the debtor's consent, it could have converted these coupons into lands, and taken the deed in its own name. Both the plaintiff and Gise, however, thought it advantageous to exercise the option of exchanging the coupons for lands. Gise made the selection of the lands, and the deed was taken in his name, but not recorded, and was delivered at once to the plaintiffs, and is now held by them in virtue of an agreement with Gise, made at the time, that the deed should be a substituted security in lieu of the coupons. Gise does not controvert the plaintiff's rights. The defendants, Caldwell, Hamilton & Co., do not dispute the above facts, but contend that their rights, as a general judgment creditor of Gise, without levy or sale, are superior to the plaintiff's. There is no statute of Nebraska which, in terms, gives such effect to a general judgment lien, nor any decision of the supreme court of the state that a judgment lien overrides existing specific equities in lands, in favor of others. The plaintiff's rights, as the equitable mortgagee of the lands, or having an equitable lien upon them, are superior to the rights of a general judgment creditor, who has not become a purchaser under the judgment, in good faith, and without notice of the rights of the equitable mortgagee. Brown v. Pierce, 7 Wall. [74 U. S.] 205, 217. Decree for the plaintiff.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]